

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-78,731-01

### EX PARTE KENNETH MICHAEL HEADLEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 918022-A IN THE 228TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to life imprisonment. The First Court of Appeals affirmed his conviction. *Headley v. State*, No. 01-02-01271-CR (Tex. App. — Houston [1st Dist.] June 10, 2004) (not designated for publication).

Applicant contends, among other things,[1] that he was denied due process when the State

---

[1]This Court has reviewed Applicant's other claims, and finds them to be without merit.

failed to disclose favorable impeachment evidence to the defense. Specifically, Applicant alleges that the prosecutor had an agreement with the State's primary witness that she would receive favorable treatment in her own pending cases in exchange for testifying against Applicant at trial.

The trial court conducted a live habeas hearing at which the court heard testimony and arguments. The trial court has determined that the original trial prosecutor had an agreement with the witness that she would be given time served on her pending cases in exchange for her testimony at Applicant's trial. When the original prosecutor was replaced by a new prosecutor shortly before trial, the new prosecutor was not advised of the agreement between the original prosecutor and the witness. Therefore, the jury did not hear about the agreement.

The trial court finds that the witness's agreement with the original prosecutor would likely have had an effect on the jury's opinion of her truthfulness. The trial court concludes that because the defense was not given an opportunity to cross-examine the witness rigorously on the plea agreement that she made with the State beforehand, Applicant was denied due process and the right to confront adverse witnesses. The trial court recommends that Applicant be granted a new trial.

Relief is granted. The judgment in Cause No. 918022-A in the 228th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered: November 2, 2016
Do not publish